UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIM C. KERRIGAN,

Plaintiff,

v.

VRMTG ASSET TRUST et al.,

Defendants.

CASE NO. 2:26-cv-00087-JNW

ORDER DENYING PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Kim C. Kerrigan's motion for temporary restraining order. Dkt. No. 3. Kerrigan asks the Court to enjoin Defendants from pursuing the nonjudicial foreclosure of her residence on January 30, 2026. The Court DENIES the motion for the reasons below.

## 2. BACKGROUND

As Kerrigan has litigated the foreclosure of her home, in state, federal, and bankruptcy court since 2016, the Court summarizes only the more recent relevant history below.

**ORDER** DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 1

In May 2019, Kerrigan filed for bankruptcy and received a bankruptcy discharge. *Kerrigan v. James et al.*, Bankr. Pet. 19-bk-11828, Dkt. Nos. 1, 30. Bayview Loan Servicing—the previous holder of the deed of trust for Kerrigan's residence—requested relief from the automatic bankruptcy stay so that it could foreclose on the deed. *Kerrigan*, Bankr. Pet. 19-bk-11828, Dkt. No. 33. United States Bankruptcy Judge Timothy W. Dore granted the motion, holding in relevant part: "Bayview Loan Servicing, LLC is granted relief from the automatic stay under 11 U.S.C. § 362(d)(1) to enforce all of its rights in the [described] real property[.]" *Kerrigan*, Bankr. Pet. 19-bk-11828, Dkt. No. 42 at 2.

Evidence shows that in 2022, Bayview Loan Servicing (under its new name Community Loan Servicing, LLC) assigned the deed of trust to Nationstar Mortgage LLC. Dkt. No. 10-8 at 2.[1] Then, in January 2024, Nationstar assigned the deed of trust to US Bank National Association in its capacity as owner trustee for VRMTG Asset Trust. Dkt. No. 10-9 at 2–3. Defendants explain that NewRez LLC is currently servicing the loan for US Bank in its capacity as trustee for the VRMTG Asset Trust. Dkt. No. 9 at 3. The nonjudicial foreclosure of Kerrigan's residence is scheduled for January 30, 2026.

---

[1] Defendants ask the Court to judicially notice the exhibits filed at Dkt. Nos. 10-1–10-9. *See* Dkt. No. 10. On January 28, 2026, Kerrigan responded to the request. Dkt. No. 11. The Court considers these documents on Kerrigan's motion for temporary restraining order, but it will not decide whether to judicially notice the facts contained therein before Defendants have an opportunity to reply.

**ORDER** DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 2

## 3.  DISCUSSION

### 3.1    Legal standard.

Preliminary injunctive relief exists to preserve the status quo and the rights of the parties during the litigation, before a final judgment. *See U.S. Philips Corp. v. KBC Bank N. V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

The Ninth Circuit takes a "sliding-scale" approach to preliminary relief, under which "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiffs can support issuance of [preliminary injunctive relief], so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (cleaned up). This approach allows a stronger showing of one *Winter* factor to offset a weaker showing of another. *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 843–44 (9th Cir. 2024).

In all circumstances, the moving party must make "a showing on all four prongs" under *Winter* to obtain preliminary injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### 3.2 Kerrigan fails to show a likelihood of success on the merits.

Kerrigan argues that the Court must enjoin the upcoming, nonjudicial foreclosure sale of her residence because no court has authorized the sale. Dkt. No. 3 at 2–3. But "Washington State's deed of trust act permits trustees to foreclose on some . . . deeds of trust without judicial supervision." *Schroeder v. Excelsior Mgmt. Grp., LLC*, 297 P.3d 677, 682 (Wash. 2013) (en banc). And Kerrigan fails to explain why she believes the law requires judicial supervision in this case.

Next, Kerrigan claims that Defendants have failed to comply with the notice procedures set out in Washington's deed of trust act, and thus foreclosure is unlawful. *See id.* at 686 (Trustees conducting nonjudicial foreclosure proceedings must comply with that statute and may not exceed the authority vested by it.). She asserts that the Washington State Department of Financial Institutions determined that "the Notice of Default issued by Nationstar Mortgage LLC on or about September 29, 2023, [was] legally defective and insufficient to support foreclosure." Dkt. No. 3 at 3. But Kerrigan provides no evidence to support this assertion, nor does she submit the purportedly defective notice. Moreover, she fails to explain what features of the notice made it legally deficient.

Kerrigan has not met her burden to show that she is likely to succeed on the merits. *See Matsumoto v. Labrador,* 122 F.4th 787, 804 (9th Cir. 2024) ("We have

**ORDER** DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 4

long recognized that likelihood of success on the merits is the most important factor[.]"). The Court recognizes that Kerrigan faces the potential loss of her home, a harm that courts have recognized as irreparable. *See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988). But a TRO is extraordinary relief, and it requires more than just irreparable harm; it requires at minimum "serious questions going to the merits." *All. for the Wild Rockies*, 632 F.3d at 1135. On this record, Kerrigan has not raised such questions. Due to this failure, a temporary restraining order is inappropriate. *See All. for the Wild Rockies*, 632 F.3d at 1135 (moving party must make "a showing on all four prongs" under *Winter* to obtain relief.).

### 4.  CONCLUSION

Accordingly, Kerrigan's motion for temporary restraining order is DENIED. Dkt. No. 3. Defendants' reply in support of their request for judicial notice is due February 6, 2026.

Dated this 29th day of January, 2026.

Jamal N. Whitehead
United States District Judge

**ORDER** DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 5