UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM C. KERRIGAN,<br><br>Plaintiff,<br><br>v.<br><br>VRMTG ASSET TRUST, NATIONSTAR MORTGAGE LLC, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, NEWREZ LLC, DOES 1-10,<br><br>Defendants. | CASE NO. 2:26-cv-00087-JNW<br><br>DISMISSAL ORDER |

## 1. INTRODUCTION

This case concerns the foreclosure sale of Plaintiff Kim C. Kerrigan's residence. Before the Court are two motions to dismiss. Defendant Nationstar Mortgage LLC ("Nationstar") moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 16. Defendants VRMTG Asset Trust ("VRMTG") and NewRez LLC ("NewRez") move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for failure to state a claim. Dkt. No. 25. Also before the Court is

Kerrigan's motion to reconsider the order denying her motion for a temporary restraining order (TRO). Dkt. No. 21. For the reasons below, the Court DENIES the motion for reconsideration and GRANTS the motions to dismiss.

## 2. BACKGROUND

Since 2016, Kerrigan has litigated the foreclosure of her home in state, federal, and bankruptcy court.[1] The Court recounts only the history relevant to this case.

In 2008, a deed of trust was recorded against Kerrigan's residence, securing a mortgage loan by Washington Mutual Bank. Dkt. Nos. 1 ¶ 17; 17-1 at 2.[2] In 2016, Kerrigan sued several parties, including Bayview Loan Servicing LLC ("Bayview")—a subsequent holder of the deed of trust for her residence. *See Kerrigan v. Qualstar Credit Union et al.*, No. 2:16-cv-01528-JCC (W.D. Wash. Sep. 30, 2016). Kerrigan alleged that Bayview violated federal and state consumer protection laws by initiating an "unenforceable" Notice of Trustee's Sale and

[1] Under Federal Rule of Evidence 201, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," so long as the facts are not subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (2001). This includes "documents on file in federal or state courts," *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012), and bankruptcy court orders, *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 857 (9th Cir. 2008). As a result, the Court finds that the pleadings and rulings from Kerrigan's prior related suits are subject to judicial notice.

[2] Nationstar asks the Court to take judicial notice of the Deed of Trust dated February 13, 2008, recorded by the King County Recorder's Office on February 26, 2008. Dkt. Nos. 17 at 2; 17-1 at 2-18. Kerrigan does not object. "Courts routinely take judicial notice of deeds of trust in considering motions to dismiss." *Steele v. Wells Fargo Bank N.A.*, No. C18-0230JLR, 2018 WL 3126546, at *1 (W.D. Wash. June 26, 2018) (collecting district court cases). Accordingly, the Court does so here.

brought a claim for quiet title. *Id.* at Dkt. No. 25 at 3. The district court dismissed Kerrigan's complaint, holding, in part, that "Bayview . . . did not act unlawfully by initiating the . . . [Notice of Trustee's Sale]." *Id.* The Ninth Circuit affirmed. *Kerrigan v. Qualstar Credit Union*, 728 F. App'x 787 (9th Cir. 2018).

In May 2019, Kerrigan filed for bankruptcy and submitted a Chapter 7 Voluntary Petition. *In re:* Kim C. Kerrigan, No. 19-11828-TWD (Bankr. W.D. Wash. May 15, 2019), Dkt. No. 1. On September 6, 2019, United States Bankruptcy Judge Timothy Dore entered an Order of Discharge. *Id.* at Dkt. No. 30. Bayview then requested relief from the automatic bankruptcy stay so that it could foreclose on the deed. *Id.* at Dkt. No. 33. On October 4, 2019, Judge Dore granted the motion, holding in relevant part: "Bayview Loan Servicing, LLC is granted relief from the automatic stay under 11 U.S.C. § 362(d)(1) to enforce all of its rights in the [described] real property[.]" *Id.* at Dkt. No. 42 at 2.

In 2022, Bayview Loan Servicing assigned the deed of trust for Kerrigan's residence to Nationstar. Dkt. No. 10-8 at 2.[3] Then, in January 2024, Nationstar assigned the deed of trust to U.S. Bank Trust National Association, not in its

[3] VRMTG, NewRez, and Nationstar ask the Court to take judicial notice of the "Assignment of Deed of Trust" granted by Bayview Loan Servicing, LLC to Nationstar on June 23, 2022, and the "Assignment of the Deed of Trust" granted by Nationstar to U.S. Bank Trust National Association, as owner trustee for VRMTG, on February 12, 2024. Dkt. Nos. 10-8; 10-9; 17-9; 17-10. Kerrigan responds that she "does not challenge the Court's authority to take judicial notice of the *existence* of such documents" but does challenge that they establish Defendant's "standing, lien validity, or present enforcement authority." Dkt. No. 11 at 1 (emphasis in original). Because these are matters of public record and courts routinely take judicial notice of deeds of trust, the Court does so here. The Court also takes judicial notice of the Notice of Trustee Sale at Dkt. No. 17-11 at 2.

individual capacity but solely as owner trustee for VRMTG. Dkt. No. 10-9 at 2–3. NewRez LLC services the loan for VRMTG.

Kerrigan moved this Court for a TRO enjoining "any foreclosure activity." Dkt. No. 3 at 4. The Court denied her TRO motion, finding that Kerrigan did "not meet her burden to show that she is likely to succeed on the merits" of her claims. Dkt. No. 12 at 4. As the trustee for the deed of trust, Quality Loan Service Corporation conducted a "Trustee Sale" of Kerrigan's residence on January 30, 2026. Dkt. No. 17-11 at 2. Kerrigan appealed the denial of her TRO motion, Dkt. No. 13, and the Ninth Circuit has stayed that appeal until this Court rules on her motion for reconsideration, Dkt. No. 33.

Quality Loan did not file its own motion to dismiss. It filed a notice joining VRMTG and NewRez's motion and adopting their arguments as its own. Dkt. No. 20. Though that notice refers to the motion filed February 4, 2026, the Court reads it as adopting the operative amended motion, Dkt. No. 25.

## 3. DISCUSSION

### 3.1 The Court denies the motion for reconsideration.

"Motions for reconsideration are disfavored," LCR 7(h)(1), and "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is

committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Kerrigan argues reconsideration is "necessary to prevent manifest injustice" because the Court denied injunctive relief "on the eve of a scheduled trustee's sale based, in part, on the perceived absence of evidentiary support," without giving Kerrigan "a meaningful opportunity to be heard." Dkt. No. 21 at 3.

This argument does not meet the standard for reconsideration: Kerrigan has not presented newly discovered evidence, demonstrated clear error, or identified an intervening change in controlling law. Kerrigan provides a copy of the State of Washington Department of Financial Institution's ("DFI") Resolution and Closure of Kerrigan's complaint against Nationstar, Dkt. No. 21 at 12–15, but she does not explain how this evidence is "newly discovered" as it is dated June 11, 2025, well before Kerrigan initiated this suit on January 9, 2026. Nor would it change the Court's analysis. On review of the record, the Court is satisfied that it applied the correct legal standards and did not err.

### 3.2 The Court has subject matter jurisdiction.

To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction and must allege facts sufficient to demonstrate that jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a facial jurisdictional attack, such as the one here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d

1035, 1039 (9th Cir. 2004). The Court takes Kerrigan's allegations as true and draws all reasonable inferences in her favor. *Leite*, 749 F.3d at 1121.

Kerrigan asserts that the Court has federal question subject-matter jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1 ¶ 6. The Complaint cites two federal statutes: the Declaratory Judgment Act, 28 U.S.C. § 2201, and 28 U.S.C. § 1334(b), which states that the district courts have original jurisdiction over civil proceedings arising under or related to the Bankruptcy Code. But Kerrigan does not allege claims under either statute.

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for federal subject matter jurisdiction. *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005) ("[T]he Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction . . . ."). Instead, the Act merely gives the Court discretion to hear an action that is already within its jurisdiction. *See* 28 U.S.C. § 2201(a). Thus, courts must look at the underlying subject matter of the dispute to determine whether they have jurisdiction over declaratory judgment actions.

Kerrigan's third claim alleges that Defendants' "attempt to dispossess Plaintiff without prior adjudication of enforcement authority violates fundamental principles of due process under the U.S. and Washington Constitutions." Dkt. No. 1 ¶ 44. Kerrigan identifies no statute through which she might enforce a federal constitutional right, and every Defendant is a private company. Nationstar makes that very point, arguing that nonjudicial foreclosure involves no state action. Dkt. No. 16 at 9–10. But Nationstar makes it under Rule 12(b)(6), and that is where it

belongs. State action is an element of a due process claim, not a precondition to the Court's power to decide one. A complaint alleging a violation of the federal Constitution arises under federal law even when the claim is likely to fail. And the Court must construe Kerrigan's pro se filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). So construed, the Complaint states a claim arising under the Constitution, and § 1331 supplies jurisdiction over it.

**3.3 The Complaint does not allege a plausible claim.**

Kerrigan did not respond to Nationstar's motion to dismiss. The Court may treat that failure as an admission that the motion has merit. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). It does so here, but the Court does not rest on that ground alone.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating such a motion, the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. A "document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted). But even under this liberal standard, a pro se plaintiff must allege sufficient facts to support the elements of a claim; the Court cannot

supply essential elements that were not initially pled. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Complaint raises four claims, and each fails on its own terms. First, Kerrigan seeks a declaration determining whether "any Defendant holds a valid, enforceable lien against [her residence]," "post-discharge transfers conveyed enforcement rights," "Defendants may lawfully foreclose absent adjudication," and "foreclosure may proceed based on a defective Notice of Default." Dkt. No. 1 at 6. But "the Declaratory Judgment Act does not provide an affirmative cause of action where none otherwise exists." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th 2022). Absent a substantive cause of action, there is nothing for the Court to declare.

Second, Kerrigan seeks injunctive relief against foreclosure. But her request is now moot because the Trustee Sale of Kerrigan's residence occurred on January 30, 2026. Dkt. No. 17-11 at 2.

Third, Kerrigan alleges that nonjudicial foreclosure "violates fundamental principles of due process[.]" Dkt. No. 1 ¶ 44. But due process constrains the state, not private actors. Kerrigan cannot bring a due process claim against Defendants. *See* U.S. Const. amend. XIV, § 1 ("[N]or shall any state deprive any person of life, liberty, or property, without due process of law."). Every Defendant here is a private company.

Finally, Kerrigan alleges a claim to quiet title. "Under Washington law, '[a]n action to quiet title is equitable and designed to resolve competing claims of ownership'" governed by RCW 7.28.010 *et seq*. *Bank of Am., N.A. v. Sellars*, No.

C12-1655-JCC, 2013 WL 12107628, at *2 (W.D. Wash. Oct. 1, 2013) (quoting *Kobza v. Tripp*, 18 P.3d 621, 623-24 (Wash. App. 2001)).

Nationstar argues Kerrigan fails to state a claim because she makes "no indication that she has satisfied her debt obligations and Nationstar has no current interest in the mortgage loan or the [p]roperty." Dkt. No. 16 at 10. VRMTG and NewRez argue that Kerrigan's claims are barred by issue preclusion given that at least two courts have previously adjudicated the lenders' right to foreclose. Even if true, the Court need not apply issue preclusion to find that Kerrigan fails to state a claim, as she does not allege to have satisfied her debt obligations under the loan. *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 809 (W.D. Wash. 2016), *aff'd*, 740 F. App'x 142 (9th Cir. 2018) ("[I]n order to quiet title, a plaintiff must allege facts showing that he has satisfied his obligations under the deed of trust."). Accordingly, none of Kerrigan's four claims survives Defendants' motions to dismiss.

### 3.4 Leave to amend is denied.

Kerrigan asks for leave to amend should the Court grant Defendants' motions. Dkt. No. 28 at 11. "A pro se litigant must be given leave to amend [their] complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) ("[The Ninth Circuit has] held that a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first

provides a plaintiff leave to amend the complaint or finds that amendment would be futile.”).

In this case, the Court finds leave to amend would be futile. Kerrigan’s claims are not merely short on facts; they fail as a matter of law. Accordingly, the Court denies leave to amend and dismisses with prejudice.

## 4. CONCLUSION

In sum, the Court DENIES Kerrigan’s motion for consideration, Dkt. No. 21, and GRANTS Nationstar’s motion to dismiss, Dkt. No. 16, and VRMTG and NewRez LLC’s amended motion to dismiss, Dkt. No. 25. VRMTG and NewRez’s motion to dismiss, Dkt. No. 15, is DENIED as moot. And because it joined VRMTG and NewRez’s motion, this Order resolves Kerrigan’s claims against Quality Loan for the same reasons. Kerrigan’s Complaint is DISMISSED with prejudice, and the Clerk is DIRECTED to close the case.

Dated this 26th day of August, 2026.

Jamal N. Whitehead
United States District Judge